IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        Plaintiff,

vs.                                  Civ. No. 06- 10 LCS/ACT

**JASON T. STEWART,**

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    1.    The Court entered an Order to Show Cause on June 26, 2006. [Docket No. 12.] The Court ordered the Defendant to appear before the undersigned Magistrate Judge at 10:00am on July 7, 2006, in the Gila Courtroom of the Pete V. Domenici U.S. Courthouse in Albuquerque, New Mexico to show cause why the undersigned Magistrate Judge should not recommend to the presiding judge that judgment be entered in favor of the Plaintiff and against the Defendant as a result of the Defendant's failure to comply with the Orders of the Court.

    2.    Defendant has failed to appear before the Court on two occasions. On May 20, 2006, the Court held a status conference. John W. Zavitz appeared for the Plaintiff and no one appeared on behalf of the Defendant. The Court called the telephone number listed for the Defendant in the pleadings and left a voice mail message advising the Defendant he needed to contact the court to explain why he did not appear for the status conference. The Defendant did not return the voice mail message and has not been in contact with the Court since May 30, 2006.

3. John W. Zavitz appeared at the hearing on July 7, 2006 on behalf of the Plaintiff and again, no one appeared for the Defendant. Mr. Zavitz advised the Court that he mailed to Defendant Plaintiff's Motion for Summary Judgment and it was returned. The Court notes that the Order for Show Cause was not returned to the Court.

4. While a *pro se* litigant is entitled to a liberal reading of his pleadings, he must nonetheless follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 138 (10th Cir. 1994). When imposing discovery sanctions against a *pro se* litigant, the court should carefully consider whether some sanction short of dismissal is appropriate so that the litigant does not unknowingly lose his right of access to the courts because of a technical violation. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 n. 3 (10th Cir. 1992). In determining the appropriate sanction, a court should consider (1) the degree of actual prejudice to the [plaintiff]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that [a judgment against him] would be a likely sanctions for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d 921.

5. Defendant interfered with the judicial process by disregarding the Orders of this Court. Specifically, Defendant failed to appear at a status conference, failed to return the Court's telephone call and failed to appear on the Order to Show Cause. Counsel for Plaintiff appeared at the status conference and the hearing and thus was prejudiced by Defendant not appearing. Defendant is culpable for his failure to defend this action. The Court warned Defendant in its Order to Show Cause that it may recommend entry of judgment in favor of the Plaintiff if he failed to appear. Finally, in light of Defendant's history of blatant disregard of Orders, lesser sanctions would not be effective.

Under these circumstances, judgment should be entered in favor of Plaintiff and a hearing should be held to determine the amount of damages.

## **RECOMMENDED DISPOSITION**

I recommend that judgment be entered in favor of Plaintiff and against Defendant for failure to comply with the Orders of this Court.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, New Mexico 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                          _____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**